IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Y'vonnie Lincoln, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:21-1892-BHH |
| v. ) | |
| ) | **ORDER** |
| Jear Logistics, LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court upon Plaintiff Y'vonnie Lincoln's ("Plaintiff" or "Lincoln") complaint alleging claims of disparate treatment, discrimination, and hostile work environment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–e17. On July 20, 2021, Defendant Jear Logistics, LLC ("Defendant" or "Jear") filed a motion for partial dismissal, seeking dismissal of Plaintiff's claims for disparate treatment and hostile work environment pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). On August 13, 2021, the Magistrate Judge filed a report and recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion for partial dismissal and dismiss Plaintiff's claims for disparate treatment and hostile work environment. Plaintiff filed objections to the Magistrate Judge's Report, Defendant filed a reply, and the matter is ripe for review. For the reasons set forth herein, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report.

**BACKGROUND**

In her complaint, Plaintiff alleges that she began working as a night dispatcher for

Defendant in April of 2017.  (ECF No. 1 ¶ 10.)  She further alleges that in approximately February of 2019 she "noticed a coffee mug on a co-worker's desk depicting 'Cynthia' from the Rugrats cartoon (traditionally a Caucasian character) as an African American woman with the word 'Ratchet' displayed on it."  (*Id.* ¶ 11.)  According to Plaintiff, she reported the incident and was assured a few days later that it was resolved, but in July of 2019, "Plaintiff noticed another racially discriminatory item on display in her workplace–a calendar with a photoshopped picture stating, 'The civil War is not over Yankees, it's only halftime.'" (*Id.* ¶¶ 13-14.)  Plaintiff again asserts that she reported the incident, and she further asserts that she was terminated on October 8, 2019, "in retaliation for her complaints of racial discrimination."  (*Id.* ¶¶ 15-16.)  Plaintiff contends that Defendant's stated reason for her termination–"an alleged threat against a coworker"–was not the real reason for her termination, and she claims Defendant failed to stop the discrimination and disparate treatment, thereby creating a hostile work environment.  (*Id.* ¶¶ 16-17.)

## **STANDARDS OF REVIEW**

**I.      The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court.  The recommendation has no presumptive weight, and the responsibility for making the final determination remains with the Court.  *Mathews v. Weber*, 423 US. 261, 269 (1976).  The Court reviews de novo those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

II.   **Motion to Dismiss**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. *Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678.

## DISCUSSION

I.   **Disparate Treatment**

In her Report, the Magistrate Judge first considered whether Plaintiff's complaint contains sufficient factual matter to state a plausible claim of disparate treatment under Title VII that rises "above a speculative level." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 616 (4th Cir. 2020). As the Magistrate Judge explained, "[a]bsent direct evidence, the elements of a *prima facie* case of discrimination under Title VII are: (1) membership in a protected

3

class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010) (citing *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004)); (*see also* ECF No. 14 at 3 (quoting the same).).

After carefully considering Defendant's argument that Plaintiff's complaint "fails to plead any facts to support her allegation that she was treated differently from similarly situated employees outside of her protected class," the Magistrate Judge ultimately agreed with Defendant that Plaintiff's claim that Defendant "showed preferential treatment to Caucasian employees and detrimental treatment to Plaintiff" *lacks sufficient specificity* to survive Defendant's motion to dismiss. Accordingly, the Magistrate Judge recommended dismissal of this claim.

In her objections, Plaintiff asserts that the Magistrate Judge failed to draw any reasonable inferences from the facts alleged. Plaintiff states:

> For example, a mug depicting a cartoon character essentially in black-face and calling her "ratchet" is a discriminatory depiction, specifically targeted a[t] African Americans. There was no similar discriminatory display toward Caucasian employees. In this instance, since the Plaintiff (an African American) was the one who saw and was offended by this racially derogatory mug, she was treated less favorably than all Caucasian counterparts, as none of them had to suffer the same type of ordeal.

(ECF No. 15 at 1-2.) Thus, Plaintiff argues that she has alleged sufficient factual matter to state a plausible claim.

After review, the Court is not persuaded by Plaintiff's objection. First, the Court does not find that the Magistrate Judge failed to draw any reasonable inferences from the facts alleged; rather, as Defendant points out in reply to Plaintiff's objections, Plaintiff's complaint simply lacks sufficient factual matter to plead the fourth element of her claim. Stated

4

plainly, nowhere in her complaint does Plaintiff include sufficient facts to adequately allege that *similarly situated employees outside the protected class* received more favorable treatment than her. For example, Plaintiff does not provide any names, characteristics, or other details of any alleged "Caucasian counterparts," and she essentially asks this Court to simply assume they exist. As a result, the Court agrees with the Magistrate Judge, for the reasons stated in the Report, that Plaintiff's claim for disparate treatment is insufficient as pleaded to survive Defendant's motion to dismiss.

I. **Hostile Work Environment**

In her Report, the Magistrate Judge next considered whether Plaintiff's complaint contains sufficient factual matter to plausibly allege a claim for hostile work environment. As the Magistrate Judge explained, a hostile work environment exists "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993). Thus, to state a claim for hostile work environment, a plaintiff must allege unwelcome conduct that is: based on race; sufficiently severe or pervasive to alter the conditions of employment and create an abusive work environment; and imputable to the defendant. *See Boyer-Liberto v. Fountainbleau Corp.*, 786 F.3d 264, 277 (4th Cir. 2015) (citation omitted).

As to whether alleged conduct is sufficiently severe or pervasive to create an abusive work environment, the Magistrate Judge further explained that "the Fourth Circuit has set 'a high bar in order to satisfy the severe or pervasive test.'" (ECF No. 14 at 6 (quoting *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008).). *See also*

*Jordan v. Aternative Resources Corp.,* 458 F.3d 332 (4th Cir. 2006) ("Courts determine 'whether an environment is sufficiently hostile or abusive by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'") (citation omitted).

Here, the Magistrate Judge ultimately found that, even when considering the alleged facts in the light most favorable to Plaintiff, her allegations simply do not rise to the level of sufficiently severe and pervasive conduct contemplated by Title VII. The Magistrate Judge explained that she considered Plaintiff's new allegation that the mug was on *her* desk rather than a coworker's desk, as well as her assertion that co-workers defaced an office-wide calendar, and the Magistrate Judge found these incidents, which occurred twice during her approximately 29 months of employment, not sufficiently severe or pervasive to state a claim for hostile work environment. The Magistrate Judge explained, "While Plaintiff's allegations establish that she subjectively perceived her work environment to be hostile, Plaintiff does not describe harassment that courts in this circuit have found to be severe or pervasive enough to plausibly allege an objectively hostile work environment." (ECF No. 14 at 8 (citing cases).)

In her objections, Plaintiff first argues that the Magistrate Judge is incorrect in stating that Plaintiff raised different allegations in her complaint and her response brief. Rather, she asserts, "[t]hese two statements are the exact same instance merely described in a different manner." (ECF No. 15 at 2.) Ultimately, the Court finds that this objection raises a distinction without a difference, and it does not alter the Court's analysis in any way.

Next, Plaintiff objects that the Magistrate Judge recommends dismissal "in a

6

contradictory manner" by failing to examine the totality of the circumstances, which Plaintiff argues is not presented in the complaint. In other words, Plaintiff argues that whether the alleged conduct satisfies the severe or pervasive test is an issue that should be resolved at summary judgment, once discovery has been completed.

After review, the Court is not convinced by Plaintiff's objection, and the Court agrees with Defendant that Plaintiff mischaracterizes the totality-of-the-circumstances standard. Contrary to Plaintiff's argument, the Court need not wait until discovery has been completed because, as the Magistrate Judge properly determined, Plaintiff's complaint *fails to allege* harassment or unwelcome conduct that courts have found to be sufficiently severe or pervasive to plausibly allege an objectively hostile work environment. Accordingly, the Court agrees with the Magistrate Judge, for the reasons set forth in her Report, that Plaintiff's claim for hostile work environment is insufficient as pleaded to survive Defendant's motion to dismiss.

Finally, in her objections, Plaintiff asks for leave to amend her complaint if the Court finds that any of Plaintiff's claims fail to sufficiently plead an essential element. Defendant opposes this request and points out that Plaintiff has not filed a motion to amend her complaint and has not offered any basis to support her request, i.e., any additional factual allegations in support of her claims. While Defendant is correct that Plaintiff has not filed a motion to amend her complaint and has not offered any additional factual allegations necessary to survive a motion to dismiss, this case is still in its early stages, and in the interest of fairness, the Court will dismiss Plaintiff's claims for disparate treatment and hostile work environment without prejudice, such that, if Plaintiff does have additional factual allegations to support her claim, she may file a formal motion to amend her

7

complaint within 30 days, along with a proposed amended complaint, for the Court's consideration.

## **CONCLUSION**

For the foregoing reasons, the Court hereby overrules Plaintiff's objections (ECF No. 15) and adopts and incorporates the Magistrate Judge's Report (ECF No. 14). The Court grants Defendant's motion for partial dismissal (ECF No. 7) and dismisses Plaintiff's claims for disparate treatment and hostile work environment; however, the Court does so without prejudice, and Plaintiff may file a formal motion to amend her complaint within 30 days if she has additional factual allegations to support her claims. Plaintiff's claim for retaliation remains pending at this time.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 16, 2021
Charleston, South Carolina